UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-6165-JVS-KK** | Date: | July 14, 2020 |
|---|---|---|---|

| Title: | ***Brandon Bibbs v. Sandra Hutchens*** |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**     **(In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed**

## I.
## INTRODUCTION

On May 9, 2020, Petitioner Brandon Leon Bibbs ("Petitioner") constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Section 2254") challenging Petitioner's 2016 convictions for armed robbery ("Petition"). ECF Docket No. ("Dkt.") 1, Pet. The Petition appears subject to dismissal, however, because Petitioner is not currently in custody on the 2016 convictions. The Court will provide Petitioner an opportunity to address this issue before making a final determination regarding whether the Petition should be dismissed.

## II.
## BACKGROUND

### A.    STATE COURT PROCEEDINGS

On April 19, 2016, Petitioner pled guilty to two counts of robbery with a firearm in violation of section 211 of the California Penal Code in case number 14WF0245. Pet. at 2. Petitioner was

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

sentenced to three years in prison on count one and one year in prison on count two. Id. Petitioner lists his place of conviction and sentence as the "Orange County Sheriff's Department." Id. Petitioner did not file a direct appeal. Id. at 2-3.

On September 24, 2018, Petitioner filed a petition for writ of habeas corpus in Orange County Superior Court, case number M-17708. Id. at 3. On November 17, 2018, the superior court denied the petition "for not providing proof of service and no prima facie case for relief." Id. at 4.

On January 17, 2019, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeals, case number G057290. Id. On March 1, 2019, the Court of Appeals denied the petition. Id.

On January 21, 2020, Petitioner filed a petition for writ of habeas corpus the Supreme Court of California, case number S260290. Id. On April 1, 2020, the California Supreme Court denied the petition "for not being in custody of California authorities." Id. at 5.

### B.      FEDERAL HABEAS PROCEEDINGS

On May 9, 2020, Petitioner constructively filed the instant Petition in this Court. Petitioner raises two claims: (1) illegal arrest in violation of the Fourth Amendment; and (2) ineffective assistance of counsel in violation of the Sixth Amendment. Id. at 5-6. Petitioner states he was "committed to parole upon release out of custody and [P]etitioner was transferred to another county, not knowing the circumstances of being on parole to present to the court." Id. at 7.

### III.
### DISCUSSION

### PETITIONER IS NOT IN CUSTODY ON THE 2016 CONVICTIONS

Under Section 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional, and it is, therefore, the first question the Court must consider. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). A habeas petitioner is not "in custody" once the sentence imposed for the conviction is "fully expired." Maleng v. Cook, 490 U.S. 488, 491, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

Here, Petitioner indicates he was sentenced on April 19, 2016 to a four-year term in state prison. Pet. at 2. As the California Supreme Court found in denying Petitioner's habeas petition, Pet. at 5, Petitioner's sentence on the 2016 conviction appears to have expired nearly three months ago.[2] Hence, because Petitioner appears to have fully served the sentence and is no longer in custody for his 2016 conviction, this Court lacks jurisdiction. De Long, 912 F.2d at 1146.

---

[2] The Court also notes Petitioner has filed a separate action in this Court, Brandon Bibbs v. United States, CV 20-4222-JVS-KK, wherein Petitioner alleges he is currently in custody awaiting trial on separate charges, and "was charged by information with ten counts of robbery with a firearm and is (continued . . . )

**IV.**
**ORDER**

For the foregoing reasons, the Petition appears subject to dismissal.  Petitioner is therefore **ORDERED TO SHOW CAUSE** why the Petition should not be dismissed by filing a written response no later than **August 14, 2020**.

ALTERNATIVELY, **Petitioner May Voluntarily Dismiss the Action Without Prejudice**:  Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience.**  However, the Court warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1).  28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for lack of jurisdiction and/or for failure to prosecute and comply with court orders.**  See **Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**

---

in the custody of Men's Central Jail in Los Angeles County."  Id., dkt. 1.  It appears, therefore, Petitioner is currently detained as a result of that matter.